D. GILL SPERLEIN, SBN 172887
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, CA 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff KRAHO, GmbH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **KRAHO, GmbH**, an Austrian Company d/b/a the GAYSHOP,<br><br>Plaintiff,<br><br>v.<br><br>**OVERLORD LIMITED**, a California corporation,<br><br>Defendants. | **Case №: 2:19-cv-4050 AB (KSx)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LIMITED DISCOVERY IN AID OF DEFAULT JUDGMENT AGAINST DEFENDANT OVERLORD LIMITED**<br><br>Date: December 20, 2019<br>Time: 10:00 a.m.<br>CtRm.: 7B |

## NOTICE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on December 20, 2019, in Courtroom 7B 350 West First Street, Los Angeles, CA 90012, Plaintiff Kraho, GmbH hereby move this Court for leave to take limited discovery in aid of default judgment pursuant to FRCP Rule 26, and this Memorandum of Points and

-1-

2:19-cv-4050 AB (KSx)
MOTION FOR LIMITED DISCOVERY

Authorities. This motion is also based on the pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing.

Plaintiff KRAHO, GmbH respectfully moves the Court for limited discovery in aid of default judgment against Defendant Overlord Limited in the above-captioned action. Attached hereto is a memorandum in support which establishes good cause for Plaintiff's request for leave to take the requested, limited discovery.

Counsel attempted to comply with the meet and confer requirements of Local Rule 7-3 by contacting the unrepresented Defendant by letter and e-mail, but Defendant did not respond.

Respectfully submitted,

Date: November 5, 2019            /s/ D. Gill Sperlein

_____
D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff

## MEMORANDUM

Plaintiff Kraho, GmbH respectfully moves this Court pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure for leave to take limited discovery in aid of Plaintiff's forthcoming motion for default judgment against Defendant Overlord Limited ("Overlord"). The proposed requests for production of documents and things and proposed matters for examination are attached as **Exhibit 1**. Defendant failed to file a responsive pleading after being properly served and the Clerk has entered default against it. Plaintiff must now apply to this Court for default judgment but, as a result of Defendant's refusal to respond, Plaintiff is denied the opportunity to develop the factual record regarding the defendants' liability and damages. Good cause thus exists for the requested discovery, which will enable Plaintiff to make necessary showings regarding: (1) the need for an order of impoundment, (2) the need for injunctive relief, and (3) the extent of Plaintiff's damages.

### I. Factual and Procedural Background

Plaintiff Kraho GmbH, is one of the leading European suppliers for novelties, fashion, lubricants and DVDs dedicated to the gay market. Complaint, Dkt. No. 1 at ¶7. On January 1, 2017, Plaintiff entered an exclusive distribution agreement with Studio Press SARL assigning the exclusive right to duplicate, distribute, and sell the 37 Movies identified in the Complaint in DVD format, worldwide. *Id*. at ¶9. Previously, Studio Press licensed to the French Connection, LLC the exclusive right to duplicate, distribute, and sell the above-identified motion pictures in DVD format within North America at a

predetermined retail price. *Id*. at ¶11. That distribution agreement terminated December 31, 2016. *Id*.

Plaintiff discovered that Overlord Limited is selling and distributing the above identified motion pictures. *Id*. at ¶13. Despite numerous e-mails and telephone conversations Overlord continued to illegally sell unauthorized copies of the Works. *Id*. at ¶¶15 and 16.

Plaintiff filed this action on May 9, 2019 and served the Defendant by substitute service. *Id*. at ¶¶1 and 15. Defendant failed to respond to the Complaint. The Clerk entered default on August 19, 2019. Dkt. No. 17. Plaintiff now seeks leave to take discovery in aid of preparing its forthcoming Motion for Default Judgment.

**II. Standard of Review**

Courts enjoy "broad discretion" to order discovery. *Arista Records, LLC v. Does 1-15*, No. 1:07- cv-450, 2007 WL 5254326, at *3 (W.D. Mich. Nov. 5, 2007). While the Federal Rules of Civil Procedure anticipate that discovery will typically not begin "before the parties have conferred as required as required by Rule 26(f)," they allow for discovery prior to the Rule 26(f) conference "by court order." Fed. R. Civ. P. 26(d); *see also Arista Records*, 2007 WL 5254326, at *2. This provision requires that the party requesting expedited discovery show "good cause," which "may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records*, 2007 WL 5254326, at *2 (internal quotations and citations omitted). Courts have regularly found good cause to authorize such discovery when, *inter alia*, a defendant defaults and the

plaintiff needs discovery in order to establish liability and/or damages in pursuit of default judgment. *See, e.g., Twitch Interactive, Inc. v. Johnston*, No. 5:16-cv-03404-BLF, 2017 WL 1133520, at *4 (N.D. Cal. Mar. 27, 2017) (authorizing discovery in aid of forthcoming motion for default judgment from payment processors, financial institutions, and co-defendant); *Antoine v. Boutte*, No. 3:15-cv-00561-JWD-EWD, 2016 WL 6138252, at *4 (M.D. La. Oct. 20, 2016) (same from third- party distributors regarding quantum of damages); *Adobe Sys. Inc. v. Bunhey*, No. 5:13-cv-01365-VAP-OP, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013) (same from third-party distributors regarding defaulting defendant's purchase, sale, and/or distribution of counterfeit products); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010) (same from defaulting defendant regarding quantum of damages); *Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007) (same regarding class certification and quantum of damages).

### III. Good Cause Exists for Discovery in Aid of Default Judgment

The Court should grant Plaintiff leave to take limited discovery in aid of a forthcoming motion for default judgment against Defendant because doing so is necessary for purposes of: (1) developing facts supporting the immediate need for an order impounding infringing DVDs in Defendant's inventory; (2) establishing the need for an order of injunctive relief enjoining Defendant from further infringing

activity; and (3) establishing Defendant's willfulness and determining the amount of damages.

As alleged in the Complaint, Overlord is selling and distributing infringing copies of 37 copyright protected movies in violation of rights exclusively assigned to Plaintiff. Plaintiff suspects that the infringing DVDs came from the inventory of an entity that formerly distributed the DVDs under a valid distribution agreement despite that entities contractual obligation to destroy any remaining inventory when the distribution agreement terminated. Plaintiff does not know how much inventory remains. Nor does Plaintiff know whether Defendant overlord is continuing to reproduce additional infringing copies from digital masters. Plaintiff will seek an order impounding any additional infringing DVDs, as well as any masters used for replication, and injunctive relief enjoining any further distribution of infringing works. The requested discovery will help Plaintiff establish the need for such an order.

Plaintiff seeks leave to take discovery from Defendant, as well as, to serve subpoenas on at least three wholesale DVD purchasers Plaintiff knows to have purchased infringing DVDs on a wholesale basis. Those wholesale purchasers include, Springtown Distribution, Pornteam Distribution, and TLA. The requested discovery seeks to determine the number of works that have been infringed and the amount of illicit profit.

**IV. Request for Relief**

For these reasons, Plaintiff respectfully moves this Court pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure for leave to take limited discovery in aid of Plaintiff's forthcoming motion for default judgment against Defendant Overlord. The requests for

production of documents and things and the areas for examination which Plaintiff proposes directing to Defendant Overlord are attached as **Exhibit 1**.

Date: November 5, 2019     /s/ D. Gill Sperlein

_____
D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff

# **Exhibit A**

Plaintiff's Draft Motion for Limited Discovery in Aid of Default Judgment Limited

1  D. GILL SPERLEIN, SBN 172887
   THE LAW OFFICE OF D. GILL SPERLEIN
2  345 Grove Street
   San Francisco, CA 94102
3  Telephone: (415) 404-6615
4  Facsimile: (415) 404-6616
   gill@sperleinlaw.com
5
6  Attorneys for Plaintiff KRAHO, GmbH

7  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRAHO, GmbH, an Austrian Company d/b/a the GAYSHOP,<br><br>Plaintiff,<br><br>v.<br><br>OVERLORD LIMITED, a California corporation,<br><br>Defendants. | Case №: 2:19-cv-4050 AB (KSx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LIMITED DISCOVERY IN AID OF DEFAULT JUDGMENT AGAINST DEFENDANT OVERLORD LIMITED**<br><br>Exhibit 1 – Plaintiff's Proposed Requests for Production of Documents and Things and Proposed Matters for Examination |

Plaintiff Kraho, GbmH submits the following document requests and matters for examination in support of its Motion for Discovery in Aid of Default Judgment Against Defendant Overlord Limited. For sake of brevity, Plaintiff has foregone providing the Court with definitions, instructions, and other portions of the discovery requests and

-1-

2:19-cv-4050 AB (KSx)
Exhibit 1

subpoenas which are ancillary to assessing whether the requests are appropriately tailored to the relief requested and minimize the burden on the requested party. Plaintiff will submit complete copies of the specific discovery requests and subpoenas duces tecum upon the Court's request.

**1. Defendant Overlord Limited**

    a. Documents to be produced

        i. Documents and things sufficient to show the number of DVD copies of each of the following movies which Overlord holds in its control or possession:

| | |
|---|---|
| *Cadinot 2* | *Love and Jealousy* |
| *Cadinot 3* | *Maurice and His Friends* |
| *Cadinot 4* | *Mens Museum* |
| *Cadinot 5* | *Night Dreams* |
| *Cadinot 6* | *Oriental Pleasures* |
| *Cadinot 7* | *Pardiso Inferno* |
| *Chaleurs* | *Private Lesson* |
| *Corps D'Elite* | *San Limite* |
| *Crescendo* | *Secrets of the Family* |
| *Cult of Love* | *Service Actif* |
| *Desire Voles* | *Ski Lodge* |
| *Emergency Exit* | *Street Smart* |
| *Greed and Lust* | *Subversion* |
| *Hamam Turkish Bathhouse* | *Techno Boys* |
| *Hand in the Fire* | *The Compete Package The Player* |
| *Incredible Experience* | |
| *Just the Right Age* | *Top Models* |
| *Le Courier* | *Tough and Tender* |
| *Le Voyage to Venice* | |
| | (Collectively referred to as "the Works") |

      ii. Documents and things sufficient to show the number of DVD copies of each of the Works sold since December 1, 2016.

      iii. Documents and things sufficient to show the gross revenue earned from the sale of the Works since December 1, 2016.

      iv. Documents showing the origin of copies of the Works sold since December 1, 2016.

  b. Matters for Examination (through Interrogatories, Requests for Admissions, or depositions)

      i. Finances relating to the Works

      ii. Inventory of the Works

      iii. Origin of the Works

      iv. Knowledge of the ownership of the Works

2. **Third Party Purchasers** (subpoenas on Third Party Companies that purchased infringing Works including Springtown Distribution, Pornteam Distribution, and TLA.)

  a. The Nature of the relationship between the purchaser and Overlord.

  b. The number of Works purchased

  c. The amount paid to Overlord for the Works